IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, Maryland 21201<br><br>            Plaintiff,<br><br>    v.<br><br>ANNAPOLIS INTERNAL MEDICINE,<br>    116 Defense Highway<br>    Annapolis, MD 21401<br>    Anne Arundel County<br><br>            Defendant. | Civil Action No.<br><br>COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Elizabeth Rodriguez who was adversely affected by such practices. As is alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Ms. Rodriguez, in violation of Title VII, when it terminated her because of her pregnancy and in retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant, Annapolis Internal Medicine ("Defendant"), is a Maryland corporation that, at all relevant times, has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF TITLE VII CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Elizabeth Rodriguez ("Rodriguez") filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant – her former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2009, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include terminating Ms. Rodriguez because of her pregnancy and in retaliation for engaging in protected activity.

8. Ms. Rodriguez began working for Defendant as a Medical Receptionist on, or about, November 9, 2009.

9. Ms. Rodriguez was pregnant at the time of her hire, with an estimated due date in May 2010.

10. On, or about, November 10, 2009, Ms. Rodriguez disclosed that she was pregnant to Defendant's Clinical Supervisor Denise Darrah ("Darrah") when Darrah prepared to administer an influenza vaccine to Ms. Rodriguez. Ms. Rodriguez asked Darrah not to inform anyone else about her pregnancy.

11. Darrah informed Defendant's Office Manager Claudia Cicchetti ("Cicchetti") about Ms. Rodriguez's pregnancy. Darrah then started to criticize Ms. Rodriguez's work performance and to treat her differently than other non-pregnant employees.

12. On, or about, November 20, 2009, Ms. Rodriguez complained to Cicchetti that, among other things, Darrah treated her adversely because of her pregnancy.

13. That same day, Cicchetti gave Ms. Rodriguez a written counseling report "regarding getting along with co-workers and the value of being honest." The counseling included that Darrah "felt she had an obligation to impress upon Elizabeth

that she had to be honest about her condition to us," and that Cicchetti "was somewhat disappointed with her for not letting me know about her condition."

14. After her complaint to Cicchetti, Ms. Rodriguez complained to her direct supervisor, Diane Kraft, about Darrah's continued disparate treatment.

15. On, or about, December 23, 2009, Darrah told Cicchetti about a mistake that Ms. Rodriguez allegedly made. As a result of Darrah's allegations, Cicchetti placed Ms. Rodriguez on a two-week probationary period.

16. During the meeting wherein Cicchetti notified Ms. Rodriguez that she was being placed on a two-week probationary period, Darrah entered the meeting and began to verbally abuse and physically intimidate Ms. Rodriguez. Ms. Rodriguez again complained about Darrah's disproportionate treatment and criticism.

17. Later that day, Darrah issued a written disciplinary notice to Ms. Rodriguez for being insubordinate during their meeting.

18. On, or about, December 26, 2009, Defendant terminated Ms. Rodriguez because of her pregnancy and in retaliation for opposing Defendant's disparate treatment of her.

19. The effect of the practices complained of in paragraphs 6 - 18 above have been to deprive Ms. Rodriguez of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of her sex.

20. The unlawful employment practices complained of in paragraphs 6 - 18 above were intentional and done with malice or with reckless indifference to Ms.

Rodriguez's federally protected rights.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex, including discrimination on the basis of pregnancy, and from retaliating against employees who engage in protected activity.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Ms. Rodriguez by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, front pay and/or reinstatement.

D.    Order Defendant to make whole Ms. Rodriguez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 6 - 18 above, in amounts to be determined at trial.

E.    Order Defendant to make whole Ms. Rodriguez by providing compensation for past and future nonpecuniary losses resulting from the unlawful

employment practices complained of in paragraphs 6 - 18 above, including pain and suffering, emotional and mental anguish, indignity, inconvenience, frustration, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Ms. Rodriguez punitive damages for its malicious and reckless conduct, complained of in paragraphs 6 - 18 above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper to the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>P. DAVID LOPEZ
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>/s/
>DEBRA M. LAWRENCE Bar No. 04312
>Regional Attorney
>(*signed by Keyana C. Laws with permission of Debra M. Lawrence*)
>
>/s/
>MARIA LUISA MOROCCO Bar No. 24357
>Supervisory Trial Attorney
>(*signed by Keyana C. Laws with permission of Debra M. Lawrence*)
>
>/s/
>KEYANA C. LAWS
>Trial Attorney
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Philadelphia District Office
>801 Market Street, Suite 1300
>Philadelphia, PA 19107-3127
>Phone:      (215) 440-2642
>Fax:        (215) 440-2848
>Keyana.Laws@eeoc.gov